Courtney Anne Kelton
540A MacGregor Rd
Belgrade, MT 59714
c.k.estateandtrust@proton.me
Ph. (406) 422-3858

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Courtney Anne Kelton, <br><br> Petitioner, *sui juris*, <br><br> v. <br><br> JEFFREY S. SHAW, in his official capacity as Director, Montana Department of Corrections; MICHELLE HALL, in her official capacity as Compact Administrator, Montana Interstate Compact Office; INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION; and DOES 1–20, <br><br> Respondents. | _____ <br><br> PETITION FOR WRIT OF HABEAS CORPUS <br><br> (Article I, Section 9, Clause 2) |

**I. NATURE OF PETITION**

I, **Courtney Anne Kelton**, one of the people of the United States of America (Exhibit A), bring forth this **Petition for a Writ of Habeas Corpus** pursuant to **Article I, Section 9, Clause 2** of the Constitution for the United States of America.

Petitioner is presently in **constructive custody** of the **State of Montana** (Exhibit B), imposed through the **Interstate Compact for Adult Offender Supervision (ICAOS)** and enforced through the **State of Idaho** (Exhibit C), including intensive probationary supervision, electronic monitoring, movement confinement, compulsory testing, employment coercion, and economic sanctions (Exhibit D).

These restraints were imposed **without a lawful preliminary or revocation hearing**, following a **fatally defective criminal process**, and in **direct violation of binding federal compact law and constitutional guarantees** (Exhibit E – Exhibit X).

Petitioner challenges her custody as **unlawful**, **ultra vires**, and **void**, arising from multiple, compounding violations of the Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments, and from noncompliance with governing federal law enacted by Congress.

Petitioner concurrently seeks **emergency injunctive relief** to prevent retaliatory escalation of sanctions during the pendency of this petition.

## II. JURISDICTION AND LAWFUL AUTHORITY OF THE WRIT

**A. Constitutional Source**

The privilege of the writ of habeas corpus is preserved by **Article I, Section 9, Clause 2** of the Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

- No rebellion exists.
- No invasion exists.
- The writ is fully operative.

**B. Congressional Enactments (Original Law)**

This Court's habeas authority is further affirmed by enacted law:

- **Judiciary Act of 1789**, ch. 20, §§ 14, 33, **1 Stat. 73, 81–82**
- **Habeas Corpus Act of 1867**, ch. 28, § 1, **14 Stat. 385**

The 1867 Act authorizes inquiry where any person is restrained **"in violation of the Constitution or laws of the United States."**

- No exhaustion condition appears in either enactment.

**C. Federal Nature of the Custody Challenged**

Congress consented to interstate compacts governing adult offender supervision in the **Crime Control Act of 1934**, ch. 406, § 1, **48 Stat. 909**.

By settled Supreme Court doctrine, congressional consent transforms such compacts into **federal law** (*Cuyler v. Adams*, 449 U.S. 433 (1981)).

Accordingly:

- The **ICAOS and its rules are federal law**;

- Custody imposed under them arises under federal authority;

- Non-compliance constitutes a **federal constitutional violation**.

### D. No Exhaustion Requirement Applies

- Any presumption that state remedies must be exhausted is **legally defective**.

- Exhaustion is not jurisdictional (*Fay v. Noia*, 372 U.S. 391 (1963)).

- State courts lack authority to cure **noncompliance with federal compact law**.

- Continued restraint constitutes an ongoing violation.

Federal habeas jurisdiction therefore **attaches immediately**.

### III. ANTI-ABSTENTION AND JURISDICTION PRESERVATION

This Court's exercise of jurisdiction is proper and necessary. Abstention is neither required nor appropriate.

- This habeas petition does not seek to enjoin with a state criminal prosecution, but instead challenges present and ongoing restraints on liberty imposed without constitutionally required process. The relief sought is release from unlawful custody and restraint, not adjudication of guilt or innocence.

- Younger abstention is inapplicable where the petitioner is subjected to ongoing irreparable injury that cannot be remedied by the state process, where bad faith, harassment, or extraordinary circumstances are present, or where the challenged conduct is wholly collateral to the merits of any state proceeding. The restraints challenged here—including electronic monitoring, movement confinement, compelled testing, and employment coercion—are being imposed without a valid hearing and outside the scope of any lawful adjudication.

- State remedies are ineffective and unavailable to address the federal violations at issue. The deprivation of liberty is ongoing, the escalation authority is unilateral, and no state mechanism exists that can timely prevent retaliatory or coercive alteration of custodial status once federal relief is sought.

- Federal habeas jurisdiction attaches upon unlawful restraint, not final judgment. The Supreme Court has long recognized that habeas corpus is available to challenge present custody and restraints on liberty even where no final conviction has occurred, and even where state proceedings nominally continue.

- Abstention would itself operate as a suspension of the writ in violation of Article I, Section 9, by allowing the continued infliction of unlawful restraint without meaningful federal review.

Accordingly, this Court retains both the authority and the obligation to exercise jurisdiction to protect the effectiveness of the Great Writ and to prevent ongoing constitutional injury.

## IV. CUSTODY

Petitioner is in custody for habeas purposes due to:

- Continuous **electronic GPS monitoring**;

- Functional **house arrest** (six hours weekly movement);

- Mandatory **supervised minimum urinalysis** three times weekly in a non-local location in reference to the Petitioner;

- Escalatory sanctions were imposed on the Petitioner without any judicial review, hearing, notice, findings, or due process, as is required under LAW;

- Compelled reporting, employment mandates, and financial exactions.

These restraints constitute custody under longstanding Supreme Court precedent (*Jones v. Cunningham*; *Foucha v. Louisiana*).

## V. STATEMENT OF FACTS

(Factual Chronology Incorporated by Reference)

Petitioner incorporates the full **Gallatin County Justice Court of Record docket chronology** (Exhibit F) as set forth in Paragraphs 1–27 of the attached Statement of Facts, supported by exhibits (Exhibit G – X).

That chronology establishes:

- Delayed and retroactive filings - (Exhibit(s) - E, G, H, I, J, K, L, M, N, O, Q, R, S, T, U, W, X);

- Undocketed probable cause documents – (Exhibit – H);

- Cancellation of a scheduled preliminary hearing without notice – (Exhibit – E, Q, R, S, T, U);

- Appointment of counsel without consent – (Exhibit – E);

- Defective service by unauthorized means – (Exhibit – W);

- Alteration of docket timestamps – (Exhibit – AA);

- Imposition of punitive conditions without hearing – (Exhibit – D, Y, Z).

These facts are not disputed in the record.

## VI. GROUNDS FOR RELIEF

**GROUND ONE – Deprivation of Liberty Without Due Process of Law**

Petitioner has been subjected to severe restraints on liberty (Exhibit D, Y, Z) without any lawful hearing, in violation of the **Fifth Amendment**.

The imposed conditions constitute punishment prior to conviction (*Bell v. Wolfish*), **Fifth and Eighth Amendment** violations, unreasonable searches (*Skinner*; *Jones*), **Fourth Amendment** violation, and deprivation of liberty without lawful process (*Morrissey v. Brewer*), **Fifth Amendment** violation.

The coercive termination of self-employment and compelled employment mandates violate:

- **First and Fifth Amendment** constitutionally protected rights;

- Liberty to pursue a lawful occupation (*Truax v. Raich*);

- Property interests without just compensation, **Takings Clause - Fifth Amendment** violation;

- The Civil Rights Act of 1866, **14 Stat. 27**.

The restraints are grossly disproportionate and excessive (*Stack v. Boyle*; *Gregg v. Georgia*).

**GROUND TWO – Unlawful Cancellation of the Preliminary Hearing**

The docket establishes that Petitioner's preliminary hearing, scheduled for **December 5, 2025**, was cancelled **ex parte** on November 26, 2025.

This deprived Petitioner of:

- Notice and opportunity to be heard (*Goldberg v. Kelly*), **Fifth Amendment** violation;

- Presence at a critical stage (*Coleman v. Alabama*), **Fifth and Sixth Amendment** violations;

- Assistance of counsel of her choosing. **Sixth Amendment** violation.

Such ex parte termination renders the proceeding void.

**GROUND THREE – Lack of Personal Jurisdiction Due to Defective Service**

Service allegedly occurred by telephone and email by an unidentified individual, unsupported by affidavit.

Strict compliance with authorized service is required for jurisdiction (*Mississippi Publishing Corp. v. Murphree*).

Absent lawful service, all subsequent proceedings are void.

**GROUND FOUR – Failure to Follow Binding Federal ICAOS Rules (Accardi Violation)**

The ICAOS rules, enacted pursuant to congressional consent (**48 Stat. 909**), are binding federal law.

Under **United States ex rel. Accardi v. Shaughnessy**, failure to follow governing rules affecting liberty **invalidates custody per se**.

Respondents have failed to comply with ICAOS procedures governing detention, hearings, and sanctions.

No presumption of authority may substitute for proof of compliance.

**GROUND FIVE – Structural Unfairness and Systemic Due Process Violations**

The cumulative procedural breakdown—undocketed filings, phantom judicial appearances, altered timestamps, coerced counsel appointment—constitutes structural unfairness under *Tumey v. Ohio*.

Such a proceeding violates fundamental fairness and cannot support lawful custody.

**VII. CONSTITUTIONAL CONSEQUENCE**

Where custody:

- arises under federal law,

- is imposed without compliance with governing procedures,

- and is sustained by presumption rather than proof,

Any continued restraint constitutes an **unlawful suspension of the writ in fact**, forbidden by **Article I, Section 9.**

**VIII. RELIEF**

WHEREFORE, Petitioner respectfully moves that this Court:

1. Issue a **Writ of Habeas Corpus** directing Respondents to produce the body of the Petitioner;

2. Declare the custody **unlawful and void**;

3. Order Petitioner's **immediate release from all unlawful restraints**;

4. Enjoin retaliatory or escalatory sanctions;

5. Grant such relief as justice requires.

**VERIFICATION**

I, **Courtney Anne Kelton**, being first duly sworn, declare under the authority of the Constitution and the Habeas Corpus Acts of 1789 and 1867 that the facts stated herein are true and correct to the best of my knowledge and belief.

Executed this 15th day of December, 2025.

_____/s/ Courtney Anne Kelton_____
Petitioner, *sui juris*