IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| Courtney Anne Kelton,<br>Petitioner,<br><br>v.<br><br>JEFFREY S. SHAW, Director, Montana Department of Corrections, et al.,<br>Respondents. | Case No. 2:25-cv-00119-BU-BMM<br><br><br>RULE 59(e)<br>MOTION TO ALTER OR<br>AMEND JUDGMENT |

**INTRODUCTION**

Petitioner Courtney Anne Kelton, appearing **sui juris and specially**, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 59(e)** to alter or amend the Judgment entered December 22, 2025 (Doc. 7), and the accompanying Order dated December 19, 2025 (Doc. 6).

This motion does **not** seek to relitigate facts, introduce new evidence, or re-plead claims. It is confined to **manifest errors of law** arising from the Court's reliance on **unproven presumptions**, improper **procedural misclassification**, and

**overextension of abstention doctrine** to liberty restraints not constituting prosecution interference.

Rule 59(e) relief is appropriate where the Court has committed clear legal error or where amendment is necessary to prevent manifest injustice. See *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

**STANDARD OF REVIEW**

A Rule 59(e) motion may be granted where the court committed **manifest error of law**.

See *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

A manifest error exists where the court's ruling rests on an **assumption unsupported by law**, or where controlling authority is misapplied. See *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).

**ARGUMENT**

**I. THE COURT COMMITTED MANIFEST ERROR BY PRESUMING § 2254 GOVERNANCE DESPITE NON-JUDGMENT CUSTODY**

The Order dismisses the Petition under **Rule 4 of the § 2254 Rules**, despite acknowledging that Petitioner "has not indicated whether she seeks relief under § 2254 or § 2241" (Doc. 6 at 1).

That acknowledgment resolves the issue **against** presumption, not in favor of it.

Under Ninth Circuit law:

*"Section 2254 is properly understood as **in effect implementing the general grant of habeas authority found in § 2241**, as long as the person is in custody pursuant to a state court judgment."*
— *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)

Petitioner is **not** in custody pursuant to a Montana judgment. She is under **interstate supervision restraints**, augmented administratively without hearing. That places her squarely under **§ 2241**, not § 2254.

The Court's application of § 2254 screening standards therefore rests on an **unproven substitution of assumption for fact**, constituting manifest legal error.

**II. EXHAUSTION WAS PRESUMED WHERE NO ADEQUATE STATE REMEDY EXISTS FOR THE CLAIM ASSERTED**

The Court held that exhaustion was required and unmet (Doc. 6 at 5–7). This conclusion presumes that **Montana courts provide an available and effective remedy** for the specific injury alleged: **extrajudicial escalation of liberty restraints imposed without hearing**.

That presumption is legally unsound.

The Ninth Circuit has held:

*"Exhaustion is not required where the remedy is **ineffective or unavailable**."*
— *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012)

Petitioner does not challenge guilt, evidence, or trial procedure. She challenges **present, ongoing custody conditions imposed outside judicial process**. No

Montana statute provides a mechanism for pre-deprivation adjudication of ICAOS-based ISP escalation.

Absent such a remedy, exhaustion cannot be presumed. See *Noltie v. Peterson*, 9 F.3d 802, 805–06 (9th Cir. 1993).

### III. YOUNGER ABSTENTION WAS MISAPPLIED TO COLLATERAL SUPERVISION RESTRAINTS

The Court applied **Younger abstention**, concluding that federal relief would "have the practical effect of enjoining" state proceedings (Doc. 6 at 8–9).

That conclusion rests on a **categorical presumption**, not a factual finding.

The Ninth Circuit expressly limits Younger where relief does **not** interfere with prosecution:

*"Younger does not bar federal jurisdiction where the relief sought would not interfere with the state court's ability to conduct criminal proceedings."*
— *Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018)

Petitioner sought relief from **administrative custody escalation**, not dismissal of charges, suppression of evidence, or injunction against prosecution. The Court's conclusion that relief would "have the practical effect" of enjoining proceedings is unsupported by analysis and constitutes manifest error.

## IV. THE COURT ERRED BY TREATING ICAOS VIOLATIONS AS NON-COGNIZABLE WITHOUT ADDRESSING THE ACCARDI DOCTRINE

The Order holds that ICAOS does not create privately enforceable rights and therefore cannot support habeas relief (Doc. 6 at 10–11).

That holding **does not resolve** Petitioner's claim.

Petitioner does not assert ICAOS as an independent cause of action. She asserts that **government actors bound by mandatory rules affecting liberty failed to follow them**, rendering resulting custody unlawful.

The Supreme Court has held:

*"Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."*

*— United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954)*

The Ninth Circuit applies Accardi where liberty restraints result from rule violation. See *Vitarelli v. Seaton*, 359 U.S. 535 (1959); *Morton v. Ruiz*, 415 U.S. 199 (1974).

The Court's failure to address this doctrine constitutes legal omission, not discretionary judgment.

## V. NON-COGNIZABILITY WAS PRESUMED DESPITE CONTINUING CUSTODY

Finally, the Court concluded Petitioner's claims sound in § 1983 rather than habeas (Doc. 6 at 9–10).

But habeas lies where relief would **remove or materially lessen custody**:

*"Habeas is the exclusive remedy where success would necessarily lead to immediate or speedier release."*

*— Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)

Petitioner seeks release from **heightened ISP custody**, not damages. The presumption that her claims are categorically non-habeas misstates the law.

**RELIEF REQUESTED**

Petitioner respectfully requests that this Court:

1. **Alter or amend the Judgment** to vacate dismissal;

2. Reclassify the Petition under **28 U.S.C. § 2241**;

3. Withdraw application of Younger abstention to collateral supervision restraints;

4. Permit the Petition to proceed for merits adjudication; or

5. In the alternative, amend the Judgment to reflect dismissal **without prejudice** on correct jurisdictional grounds.

**CONCLUSION**

The Judgment rests on **presumptions substituted for proof**, contrary to controlling Ninth Circuit authority. Rule 59(e) exists to correct precisely this form of error. Amendment is required to prevent manifest injustice.


Respectfully,

/s/ Courtney Anne Kelton

Courtney Anne Kelton
sui juris, specially appearing
(address on file)

WITHOUT PREJUDICE
ALL RIGHTS RESERVED

DATED: December 24, 2025