IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COURTNEY ANNE KELTON,<br><br>Petitioner,<br><br>vs.<br><br>JEFFREY S. SHAW, DIRECTOR OF MONTANA DEPARTMENT OF CORRECTIONS; MICHELLE HALL, COMPACT ADMINISTRATOR OF MONTANA INTERSTATE COMPACT OFFICE; INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION, DOES 1-20,<br><br>Respondents. | Case No. CV 25-119-BU-BMM<br><br>ORDER ON MOTION TO ALTER OR AMEND JUDGMENT |

Petitioner Courtney Anne Kelton ("Kelton") filed an application seeking habeas corpus relief. (Doc. 1.) The Court dismissed the petition for several reasons. (Doc. 6.) Kelton subsequently filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 8.)

Rule 59(e) provides a mechanism by which a court may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). A party may move for a court to amend its judgment within twenty-eight days after entry of judgment

1

under Rule 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F. 3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). "A rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (citation and quotation marks omitted). A litigant may not use Rule 59(e) "to relitigate old matters or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

A court may alter or amend a previous ruling under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F. 3d 772, 780 (9th Cir. 2009) (citation omitted); *see also 389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999); *McDowell*, 197 F. 3d at 1255. The requirement of such a showing is a "high hurdle." *Weeks v. Bayer*, 246 F. 3d 1231, 1236 (9th Cir. 2001). A court must acquire "a substantive change of mind." *Miller v. Transamerican Press, Inc.*, 709 F. 2d 524, 527 (9th Cir. 1983).

Kelton argues that clear legal error has occurred resulting in manifest injustice. (Doc. 8 at 2.) Kelton's motion fails to satisfy the high bar required to alter or amend the previous judgment. Kelton acknowledges that the previous motion failed to identify whether Kelton sought review under 28 U.S.C. §2254 or 28 U.S.C. §2241. (*See* Doc. 8 at 3.). Kelton argues that the Court erred by applying the screening standards applicable to §2254 to her petition. (*Id.*) A habeas petition brought under 28 U.S.C. §2241 remains subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. §2254. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under §2254); *see also Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (affirming a district court's application of Habeas Rule 4 in dismissing a Section 2241 petition).

Kelton again asserts that she should not be required to exhaust her claims in the Montana state court and that the Court need not abstain from ruling. (Doc. 8 at 4-6.) The Court addressed and considered these arguments in its previous order. (*See* Doc. 6 at 5-9.) Kelton has failed to present newly discovered evidence and demonstrate legal error to support her position under Rule 59(e). Put another way, nothing Kelton presents in her motion gives the Court pause or has caused a "substantive change of mind" relative to the previous order. *McDowell*, 197 F. 3d at 1255.

3

Finally, Kelton argues that the Court erred by dismissing her claims under the ICAOS as non-cognizable without addressing "the *Accardi* Doctrine." (Doc. 6 at 6-7.) Under *Accardi*, a federal administrative agency "is required to adhere to its own internal operating procedures" and a person is entitled to sue the agency in district court for its non-compliance. *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Church of Scientology of Cal. v. U.S.*, 920 F. 2d 1481, 1487 (9th Cir. 1990). As an initial matter, Kelton has not demonstrated that the *Accardi* doctrine has application to a state, rather than federal, agency. But even if it did, the Ninth Circuit explicitly has held that "[t]he *Accardi* doctrine is not a constitutional one." *See Carnation Co. v. Sec'y of Labor*, 641 F. 2d 801, 804 (9th Cir. 1981) (citations omitted"). District courts have also characterized an *Accardi* claim as separate and distinct from a constitutional due process claim. *See Emami v. Nielsen*, 465 F. Supp. 3d 991, 997 (N.D. Cal. 2020); *C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 226 n. 41 (D.D.C. 2020) (noting that "it is well settled that *Accardi* is based on administrative law principles, not constitutional due process requirements") (additional citation omitted). Kelton's argument that the Court erred by not addressing the doctrine relative to her petition lacks merit as *Accardi* does not create a claim of constitutional dimension or consideration.

Kelton's new motion fails to demonstrate clear error or that the Court's ruling was manifestly unjust. *Id*. Rule 59(e) is not a vehicle for unsuccessful

claims to be considered anew. Kelton has not provided one of the permissible grounds to support her motion. Accordingly, the Court declines to alter or amend its previous ruling. Kelton's relief, if any, lies in appeal.

Accordingly, **IT IS ORDERED** that Kelton's motion to set aside the judgment (Doc. 8) is **DENIED**.

DATED this 6th day of January, 2026.

_____
Brian Morris, Chief District Judge
United States District Court